**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY B. RILEY,<br>Plaintiff,<br>v.<br>H. SHERGILL, et al.,<br>Defendants. | No. 2:26-cv-03708-ICD<br><br>ORDER SCREENING COMPLAINT |

Plaintiff, a prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1.

**I. PLAINTIFF'S ALLEGATIONS**

**Claim I: Excessive Force Against Officer Shergill**

Plaintiff alleges that on July 30, 2026, while housed at California State Prison, Sacramento and experiencing suicidal ideation, he was being escorted by Officer H. Shergill to see mental health staff. Because he was restrained with leg shackles and handcuffs behind his back, he told Officer Shergill he was having difficulty walking and requested that the escort proceed more slowly. *See* ECF No. 1 at 2–3.

According to the complaint:

- Plaintiff nearly fell and began tipping forward during the escort.
- Without warning or justification, Officer Shergill allegedly slammed him face-first to the ground.
- Officer Shergill then allegedly punched him repeatedly in the head with a closed fist, struck him in the ribs, and pushed his face into the pavement while yelling at him to stop resisting.
- Plaintiff asserts he was not resisting, was fully restrained, posed no threat, and

merely needed assistance because of the shackles.

• As a result of the incident, Plaintiff suffered facial injuries, a chipped tooth, a permanent facial scar, and bruised ribs, ankles, and wrists.

• He contends the force was malicious, sadistic, unnecessary, and constituted cruel and unusual punishment in violation of the Eighth Amendment. *See id*. at 3.

**Claim II: Failure to Protect / Supervisory Liability Against Warden Schultz**

Plaintiff alleges that Warden Jason Schultz is responsible for the incident because he failed to adequately train and supervise correctional staff regarding the appropriate use of force and the handling of inmates suffering mental health crises. *See id*. at 4.

Specifically, Plaintiff alleges:

• Warden Schultz failed to ensure staff were properly trained in de-escalation techniques and mental health crisis response, despite institutional policies directing staff to consider an inmate's mental health status before using force.

• Staff at the institution were too quick to use force rather than attempt to de-escalate situations.

• There was a sufficient causal connection between the warden's responsibilities and the constitutional violations alleged. *See id.* at 4.

## II. SCREENING REQUIREMENT AND STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pro se pleadings are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## III. DISCUSSION

### A. Eighth Amendment Excessive Force (Defendant Shergill)

The core judicial inquiry for an Eighth Amendment excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Liberally construed, Plaintiff's allegations that Defendant Shergill slammed him face-first onto the pavement and repeatedly punched him while he was fully restrained, compliant, and unable to walk safely due to leg shackles are sufficient to state a cognizable Eighth Amendment excessive force claim. These allegations adequately state that the force used was malicious, sadistic, and completely disproportionate to the situation. This claim will be allowed to proceed.

### B. Eighth Amendment Supervisory Liability / Failure to Train (Defendant Schultz)

Under section 1983, a supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may also be held liable if they implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991).

Plaintiff's allegations against Warden Schultz rely on broad, conclusory assertions that he failed to adequately train or supervise staff regarding de-escalation practices and mental health crises. Plaintiff does not allege that Warden Schultz was present, directed the actions of Defendant Shergill, or had actual knowledge of a widespread history of similar use-of-force violations that he deliberately ignored. As presented, these claims constitute "threadbare recitals" of supervisory liability.

Accordingly, Plaintiff's claims against Defendant Schultz fail to state a claim upon which relief may be granted and are dismissed with leave to amend.

**C. Fourteenth Amendment Due Process Claims**

Plaintiff's complaint explicitly invokes the Fourteenth Amendment. However, where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment must be the guide for analyzing those claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Because the Eighth Amendment explicitly governs excessive force claims for convicted prisoners, Plaintiff's allegations must be analyzed strictly under the Eighth Amendment.

Plaintiff's Fourteenth Amendment claims fail to state a claim upon which relief may be granted and are dismissed with leave to amend. If Plaintiff chooses to file an amended complaint, he must state specific facts demonstrating a constitutional violation independent of his Eighth Amendment excessive force claim.

**IV. CONCLUSION**

Because the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See *Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See E.D. Cal. L.R. 220. An amended complaint must be complete in itself without reference to any prior pleading. *See id.*

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff’s constitutional rights. See *Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980), abrogated on other grounds by *Kay v. Ehrler*, 499 U.S. 432 (1991). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant’s actions and the claimed deprivation. See *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim against Defendant Shergill, if no amended complaint is filed within the thirty (30) days allowed, the Court will issue

findings and recommendations that the claims identified herein as defective (the claims against Defendant Schultz) be dismissed and will issue service of process orders for the cognizable excessive force claim against Defendant Shergill.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a First Amended Complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated: November 12, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE